THOMPSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-492-CR

        
2-03-493-CR

        2-03-494-CR

RICHARD LEVAR THOMPSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In one point on appeal, appellant Richard Levar Thompson contends that he received ineffective assistance of counsel at the punishment phase of his trial for attempted burglary of a habitation, aggravated sexual assault, and  robbery because his counsel declined to make a closing argument or recommend a range of punishment.  We affirm.

Appellant pled guilty under an open plea to attempted burglary of a habitation, aggravated sexual assault, and robbery.  Appellant, his mother, and his sister testified on his behalf at punishment.  Appellant’s counsel declined to make a closing argument on appellant’s behalf.  The trial court sentenced appellant to the maximum jail time on the attempted burglary and robbery offenses, but not the aggravated sexual assault.
(footnote: 2)  

Closing argument is an area where trial strategy is most evident. 
 Thompson v. State
, 915 S.W.2d 897, 904 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d) (op. on reh’g).  A complete waiver of closing argument has been recognized as legitimate trial strategy.  
See, e.g., Ransonette v. State
, 550 S.W.2d 36, 41 (Tex. Crim. App. 1976).  We will review matters of trial strategy only if an attorney’s actions are without any plausible basis.  
Thompson
, 915 S.W.2d at 904.  

Generally, the trial record will not be sufficient to establish an ineffective assistance of counsel claim.  
Thompson v. State
, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).   Normally, a silent record cannot rebut the presumption that 

counsel’s performance was the result of sound or reasonable trial strategy.  
Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  

The record is silent as to appellant’s counsel’s reasons for waiving closing argument.  Appellant’s counsel elicited favorable testimony regarding appellant’s character from appellant’s mother and sister, including an opinion that appellant could do whatever was required of him by the court or probation department.  Appellant also testified that he was sorry for what he had done and asked for probation, stating that he had learned to control his anger while in jail. 

On these facts, appellant has not rebutted the presumption that his counsel’s decision to decline making a closing argument was not the result of sound trial strategy.  Thus, appellant has failed to show that his counsel’s performance was deficient.  
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  We overrule appellant’s sole point on appeal and affirm the trial court’s judgments.

TERRIE LIVINGSTON

JUSTICE

PANEL A:  CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 §§ 12.32-34, 15.01(d), 29.02(b), 30.02(c)(2) (Vernon 2003), 22.021(e) (Vernon Supp. 2004-05).